Brown v. New York City Department of Education May it please the Court, Lorenzo DeSilvio on behalf of Appellees. I'd like to make a few comments with respect to each of Ms. Brown's two claims and I'll begin with her failure to accommodate claim. Here, the accommodation that Brown specified, teaching third, fourth, and fifth graders in the same school, it would not have effectively addressed the barrier, namely, her getting sick and missing class due to her compromised immune system that prevented her from performing the essential functions of her job, which is... That prevented her from performing the functions of her job. That is what the disciplinary determination concluded with respect to her claim that disability, not her ineffectiveness, motivated her termination. But in this case, we're saying that she came to the school and said, I have a compromised immune system, I'm getting sick from germs from kindergarten, first, and second graders, where she was a cluster teacher, going from classroom to classroom, teaching those grades. She said, these germs are causing me to be sick and missing school. Please, could you accommodate me by allowing me to teach third, fourth, and fifth grade? On the merits, that claim would not have effectively allowed her to perform the essential functions of her job, which necessarily is teaching and interacting with students. Does that actually matter? In other words, don't the regulations, certainly, under the federal statute, say that you have a right to an accommodation? And shouldn't it say that anyway? Because if she's got a serious physical condition, maybe she can do her job adequately. She won't miss excessive amounts of school, or at least they won't fire her, even if she does. It's not about that. But she's getting sick all the time. And if she's got a condition that leads to her suffering on the job, when somebody who didn't have that condition could daily go on teaching first graders, isn't that a viable freestanding accommodation claim, having nothing to do with whether and why she got fired? Well, a couple points in response to that, Your Honor. First, Judge Preska was correct that it's not the case that the Department of Education did not provide any accommodation for Ms. Brown. She took leave of absence for two years from, I believe, 2009 to 2011. She took FMLA intermittent leave starting in December of 2014. And we submit that it was only in October 2015, and by that point she had already been transferred to another school pending the conclusion of the disciplinary termination, that she, in fact, asked for the accommodation she seeks. Yes. So there are all kinds of reasons why the claim might fail. But it's not necessarily tied to the termination claim. No, it is not. But she has to ask for a reasonable accommodation, and here our position is that it was not reasonable. So if she had come in with evidence, medical evidence, that, and perhaps her own statements, look, I keep getting sick and this is so when I get in the classroom I'm not at my best and, therefore, I can't remember what the word is akin to that. Therefore, that's what made me essentially fall into the funk that I was in and not be able to meet the requirements. But if I had been less exposed, as I would have been by teaching third and fourth graders because I didn't have to be in such close contact with them, I wouldn't have been in that position. If that evidence were in there, do you have a problem? Are you referring to her disability discrimination claim or a failure to accommodate claim? Well, I'm tying a failure to accommodate claim to, and I'm hypothetically, obviously, but to her inability to perform her job, which is what got her fired. Well, with respect to her ineffectiveness, she did, in fact, argue in the disability termination, the Department of Education is trying to fire me not because I'm an incompetent teacher but because I'm sick, and she pressed the argument in an Article 75 saying they penalized me for legitimate medical concerns. But turning back to the accommodation issue, because it's a fact-specific and case-by-case analysis, we really have to look at what she asked for. She wanted to stay a cluster teacher, so she'd been moving from classroom to classroom in the school, but she only wanted to teach third, fourth, and fifth graders under the theory that she would be exposed less to germs and get sick less. But the position of the Department of Education is students have germs, they share those germs with others in the classroom, that includes the teachers, so even third, fourth, and fifth graders could risk an issue with respect to Ms. Brown's compromised immune system, and moreover, there's no dispute that there were kindergarteners, first graders, and second graders that she would be passing in the hallways as she moves from classroom to classroom in her capacity as a cluster teacher. So she just didn't ask for an effective accommodation. And regarding her disability discrimination claim, Apelli's proposed three things that this Court could do with that claim, either collateral estoppel merits because multiple administrators and an independent peer validator consistently documented issues with her ineffectiveness, or because it's just a city human rights law claim, and assuming this Court affirms with respect to the Federal component of her failure to accommodate claim, the better course Apelli submit would be to decline supplemental jurisdiction. Unless there are any further questions, we request that you affirm. Thank you, Mr. DeSilvio. Thank you very much.